# EXHIBIT A

Case 2:17-cv-01162-RCM   Document 1-1   Filed 04/07/17   Page 1 of 19

MAR-30-2017 THU 03:24 PM   PLEASANTVILLE CHECK CASHING         FAX:16096418383         P. 001/018

412-281-3388

JAVERBAUM WURGAFT HICKS
KAHN WIKSTROM & SININS
505 Morris Avenue
Second Floor
Springfield, NJ 07081
(973) 379-4200
Attorneys for Plaintiff
Attorney I.D. No.: 029901989

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: MIDDLESEX COUNTY

Plaintiff
ABDUR RAUF BAKALI, AS ADMINISTRATRIX OF
THE ESTATE OF OSMAN M. BAKALI

vs.

Defendants
GLENN A. JONES, EAGLE EXPRESS LINES
INC., and ABC CORPS 1-10 intending any
brokers, shippers, statutory employers,
freight forwarders, or any other entity
that owned or operated the subject
tractor trailer or was involved in any
way whatsoever in the transport of
goods and/or the hiring of EAGLE
EXPRESS LINES INC., its driver, or any
other party involved in the subject
transport

Docket No. MID-L-1486-17

CIVIL ACTION

SUMMONS

FROM THE STATE OF NEW JERSEY, To The Defendant(s) Named Above:
Glenn A. Jones

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an Attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.)

DATED: March 21, 2017

_Michelle M. Smith_
Michelle M. Smith
Clerk of the Superior Court

MAR-30-2017 THU 03:24 PM   PLEASANTVILLE CHECK CASHING         FAX:16096418383                P. 002/018

Name of Defendant to Be Served: Glenn A. Jones
Address of Defendant to Be Served: 118 South Chester Avenue-Front, Pleasantville NJ 08232

JAVERBAUM WURGAFT HICKS KAHN WIKSTROM & SININS
505 Morris Avenue-Suite 200
Springfield, NJ 07081
(973) 379-4200
Attorney I.D. No. Lawrence M. Simon (029901989)
LSimon@LawJW.com
ATTORNEY FOR PLAINTIFF

CIVIL RECORDS
N.J. SUPERIOR COURT
MIDDLESEX VICINAGE

2017 MAR 13  A 9:10

FILED & RECEIVED #4

| | |
|---|---|
| ABDUR RAUF BAKALI, AS ADMINISTRATRIX OF THE ESTATE OF OSMAN M. BAKALI, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: MIDDLESEX COUNTY DOCKET NO.: MID-L-01486-17 |
| Plaintiff, | CIVIL ACTION |
| vs. | COMPLAINT AND JURY DEMAND |
| GLENN A. JONES, EAGLE EXPRESS LINES INC., and ABC CORPS 1-10 intending any brokers, shippers, statutory employers, freight forwarders, or any other entity that owned or operated the subject tractor trailer or was involved in any way whatsoever in the transport of goods and/or the hiring of EAGLE EXPRESS LINES INC., its driver, or any other party involved in the subject transport, | |
| Defendants. | |

Abdur Rauf Bakali, as Administrator of the Estate of Osman M. Bakali, by and through his attorneys, JAVERBAUM WURGAFT HICKS KAHN WIKSTROM & SININS, P.C. by way of Complaint against Defendants says:

### FIRST COUNT

1. At all times plaintiff Abdur Rauf Bakali was named

2

Administrator of the Estate of Osman M. Bakali by the Probate Court of Butler County, State of Ohio.

1. At all times relevant, decedent Osman M. Bakali, operated a 2016 Toyota Camry.

2. At all times relevant, Defendant GLENN A. JONES, residing in Pleasantville, New Jersey, was the operator of a 2014 Volvo tractor trailer.

3. At all times relevant Defendant, EAGLE EXPRESS LINES INC., was a privately held corporation with trucking operations offices in South Holland, Illinois.

4. At all times relevant Defendant, EAGLE EXPRESS LINES INC., as a motor carrier duly registered with the United States Department of Transportation, was assigned a DOT number and designated an agent for service of process in all fifty states.

5. At all times Defendant, EAGLE EXPRESS LINES INC. designated an agent for service in New Jersey in Old Bridge, Middlesex County, New Jersey, where venue herein is lain.

6. At all times relevant, Defendant EAGLE EXPRESS LINES INC., did own the aforedescribed 2014 Volvo tractor trailer.

7. On or about July 16, 2016 at approximately 9:05 AM, at I-70 West Bound in Fallowfield Township, Washington County, New Jersey, the above-described tractor trailer struck the decedent who had exited his above described vehicle.

3

8. Said accident was a direct and proximate result of the negligence and carelessness of Defendants, without any negligence on the part of Plaintiff.

9. Defendant GLENN A. JONES, as a direct and/or statutory employee of defendant EAGLE EXPRESS LINES INC. negligently operated his vehicle by:

   a) Following too closely behind the vehicles in front of him;
   b) Failing to ensure that he had adequate line of sight of other vehicles and obstructions in his path;
   c) Failing to keep a proper lookout for warnings, other vehicles, pedstrains, hazards, and obstructions;
   d) Failing to ensure that he had adequate stopping distance to avoid hitting vehicles or their occupants or pedestrians in front or next to him;
   e) Failing to ensure that he had adequate maneuvering room to avoid hitting vehicles or their occupants or pedestrians in front, next to him, or in his path of travel;
   f) Driving at an excessive rate of speed;
   g) Operating his truck without adequate training and experience;
   h) Operating his truck in violation of hours of service rules pursuant to 49 CFR 395 et. seq.;

4

i) Failing to record his duty status in duplicate, for a 24 hour period prior to the accident;

j) Failing to ensure, pursuant to 49 CFR 392.7, prior to operating his vehicle that the vehicle was in safe operating condition;

k) Operating a vehicle in violation of 49 CFR 392.3 when his ability or alertness is impaired or likely to become so due to fatigue, illness, or other causes;

l) Operating a vehicle while using a radar detector in violation of 49 CFR 392.71;

m) Operating a vehicle in violation of 49 CFR 391.21 for failing to disclose to his employer all prior motor vehicle accidents for a period three years prior to the accident date;

n) Failed to pay attention to the road ahead;

o) Failed to be diligent at all times;

10. That as a result of the aforementioned negligence and carelessness of the defendants, decedent Osman M. Bakali was severely and permanently injured, and did thereby sustain great pain and suffering, loss of engagement of life, suffered serious and permanent injuries which caused him conscious pain and suffering and led to his ultimate demise, and did thereby suffer other losses and damages as a direct and proximate result of the conduct of the Defendants, including bills and expenses for

5

medical and hospital treatment and funeral expesnes, and further, as a result of said wrongful death of decedent, his dependents and beneficiaries suffered and are entitled to economic damages pursuant to Green v. Bittner.

**WHEREFORE**, Plaintiff, Abdur Rauf Bakali, as administrator of the Estate of Osman M. Bakali, demands judgment against the Defendants, GLENN A. JONES and EAGLE EXPRESS LINES INC., for damages together with costs and interest.

## SECOND COUNT

### VICARIOUS LIABILITY

1. Plaintiff repeats and realleges the allegations of the First Count as if same were set forth more fully at length herein.

2. During the scope and course of his employment with defendant EAGLE EXPRESS LINES INC., defendant GLENN A. JONES breached his duty to drive a motor vehicle on a public highway in such a manner that he could stop in time to avoid a collision with an object in his range of vision and/or within the area lighted by his headlights.

3. The negligence, careless, and wrongful acts of its employees are imputed to defendant EAGLE EXPRESS LINES INC.

6

4. At all times defendant GLENN A. JONES was acting in the scope and course of his employment with defendant EAGLE EXPRESS LINES INC.

5. By reason of the foregoing, decedent Osman M. Bakali was severely and permanently injured, and did thereby sustain great pain and suffering, loss of engagement of life, suffered serious and permanent injuries which caused him conscious pain and suffering and led to his ultimate demise, and did thereby suffer other losses and damages as a direct and proximate result of the conduct of the Defendants, including bills and expenses for medical and hospital treatment and funeral expenses, and further, as a result of said wrongful death of decedent, his dependents and beneficiaries suffered and are entitled to economic damages pursuant to Green v. Bittner.

**WHEREFORE**, Plaintiff, Abdur Rauf Bakali, as Administrator of the Estate of Osman M. Bakali, demands judgment against the Defendants, GLENN A. JONES and EAGLE EXPRESS LINES INC. for damages together with costs and interest.

### THIRD COUNT

### NEGLIGENT HIRING

1. Plaintiff repeats and realleges all allegations of the First and Second Counts as if same were set forth more fully herein.

2. Defendant EAGLE EXPRESS LINES INC. owed the general

7

public, including the plaintiff, a duty to determine the qualifications of its employees including but not limited to:

    a) Adequately evaluating applicants before hiring them as truck drivers;

    b) Adequately training and supervising these drivers;

    c) Adequately evaluating these employees' job performance so as to discharge any incompetent or negligent employee before he injured the public or property;

    d) Pursuant to 49 CFR 382.201 et. seq., 382.301 et. seq., 383.35, and 391 et. seq., conduct and adequate investigation or inquiry into the driving record of GLENN A. JONES;

3. EAGLE EXPRESS LINES INC. breached these duties to the general public, including the plaintiffs, by its negligent and careless training, hiring, training, supervision, and retention of GLENN A. JONES, who was unqualified, incompetent, and/or negligent and careless.

4. As a direct and proximate result of the negligence, careless, and wrongful acts of defendant EAGLE EXPRESS LINES INC. decedent Osman M. Bakali was severely and permanently injured, and did thereby sustain great pain and suffering, loss of engagement of life, suffered serious and permanent injuries which caused him conscious pain and suffering and led to his ultimate

8

demise, and did thereby suffer other losses and damages as a direct and proximate result of the conduct of the Defendants, including bills and expenses for medical and hospital treatment and funeral expenses, and further, as a result of said wrongful death of decedent, his dependents and beneficiaries suffered and are entitled to economic damages pursuant to Green v. Bittner.

**WHEREFORE**, Plaintiff, Abdur Rauf Bakali, as administrator of the Estate of Osman M. Bakali, demands judgment against the Defendant EAGLE EXPRESS LINES INC. for damages together with costs and interest.

## FOURTH COUNT
### FICTITIOUS PARTIES

1. Plaintiff repeats and realleges all allegations of the First, Second, and THIRD Counts as if same were set forth more fully herein.

2. At the present time, plaintiff is unaware of the identity of any other motor carrier involved in the underlying transport of goods, and similarly, is unaware of the identities of the broker and shipper involved in the underlying transport, unaware of any other employer of the defendant truck driver, statutory or direct, unaware of any freight forwarders, and unaware of any other parties involved in the ownership and operation of the subject tractor trailer or the underlying

9

transport of goods.

3. To the extent any fictitiously named party is negligent, careless, reckless, or vicariously liable for the negligence, carelessness, or recklessness of another party, all rights are reserved to amend the Complaint to name said fictitious entity as a direct defendant.

>                                JAVERBAUM WURGAFT HICKS KAHN
>                                WIKSTROM & SININS, P.C.
>                                Attorney for Plaintiff(s)
>
>                        By:     _____
>                                Lawrence M. Simon

Dated: March 10, 2017

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issued so triable.

>                                JAVERBAUM WURGAFT HICKS KAHN
>                                WIKSTROM & SININS, P.C.
>                                Attorney for Plaintiff(s)
>
>                        By:     _____
>                                Lawrence M. Simon

Dated: March 10, 2017

10

## CERTIFICATION AS TO REDACTION OF REQUIRED PERSONAL IDENTIFIERS

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b)

JAVERBAUM WURGAFT HICKS
KAHN WIKSTROM & SININS, P.C.
Attorney for Plaintiff(s)

_____
Lawrence M. Simon, Esq.

March 10, 2017

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, you are hereby notified that Lawrence M. Simon, Esq. is hereby designated as trial counsel in the within matter.

JAVERBAUM WURGAFT HICKS KAHN
WIKSTROM & SININS, P.C.
Attorney for Plaintiff(s)

By: _____
Lawrence M. Simon

Dated: March 10, 2017

## DEMAND FOR INTERROGATORIES

DEMAND is hereby made of Defendant for certified answers to Interrogatories Form C and C(1) of Appendix II within the prescribed time set forth in the Rules of Court.

11

JAVERBAUM WURGAFT HICKS KAHN
WIKSTROM & SININS, P.C.
Attorney for Plaintiff(s)

By: _____
    Lawrence M. Simon

Dated: March 10, 2017

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to R. 4:10-2(b), demand is made that Defendant(s) disclose to plaintiff's attorney whether or not there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or indemnify or reimburse for payments made to satisfy the judgment and provide plaintiff's attorney with true copies of those insurance agreements or policies, including, but not limited to, any and all declaration sheets. This demand shall include and cover not only primary coverage, but also any and all excess, catastrophe and umbrella policies.

JAVERBAUM WURGAFT HICKS KAHN
WIKSTROM & SININS, P.C.
Attorney for Plaintiff

By: _____
    Lawrence M. Simon

March 10, 2017

12

### CERTIFICATION PURSUANT TO R:4:5-1

1. I hereby certify that the matter in controversy is not the subject of any action pending in any court of a pending arbitration proceeding.

2. There is no other action or arbitration proceeding contemplated, nor is there any other party who should be joined in this action.

3. A related action will likely be filed by counsel for Marcus Bakali, a passenger in decedent's vehicle.

4. I hereby certify that the foregoing statement is true and I am aware that if the foregoing statement is willfully false, I am subject to punishment.

JAVERBAUM WURGAFT HICKS KAHN
WIKSTROM & SININS, P.C.
Attorney for Plaintiff(s)

By: _____
Lawrence M. Simon

Dated: March 10, 2017

MAR-30-2017 THU 03:27 PM   PLEASANTVILLE CHECK CASHING        FAX:16096418383        P. 015/018

Appendix XII-B1

# CIVIL CASE INFORMATION STATEMENT (CIS)

Use for initial Law Division Civil Part pleadings (not motions) under Rule 4:5-1
Pleading will be rejected for filing, under Rule 1:5-6(c), if information above the black bar is not completed or attorney's signature is not affixed

| PAYMENT TYPE: | ☐ CK ☐ CG ☐ CA |
|---|---|
| CHG/CK NO. | |
| AMOUNT: | |
| OVERPAYMENT: | |
| BATCH NUMBER: | |

| ATTORNEY / PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| LAWRENCE M. SIMON, ESQ. | (973) 379-4200 | Middlesex |

| FIRM NAME (if applicable) | DOCKET NUMBER (when available) |
|---|---|
| JAVERBAUM WURGAFT HICKS KAHN WIKSTROM & SININS, P.C. | MID-L- 01486 17 |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| 505 MORRIS AVENUE, SECOND FLOOR SPRINGFIELD, NJ 07081 | COMPLAINT |
| | JURY DEMAND ■ YES ☐ NO |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| ABDUR RAUF BAKALI, AS ADMINISTRATRIX OF THE ESTATE OF OSMAN M. BAKALI, PLAINTIFF | ABDUR RAUF BAKALI, AS ADMINISTRATRIX OF THE ESTATE OF OSMAN M. BAKALI, PLAINTIFF v. GLENN A. JONES, EAGLE EXPRESS LINES INC., et. al. |

| CASE TYPE NUMBER (See reverse side for listing) | HURRICANE SANDY RELATED? | IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ■ NO |
|---|---|---|
| 603N | ☐ YES ■ NO | IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING? ☐ YES ■ No | IF YES, LIST DOCKET NUMBERS |
|---|---|

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☐ YES ■ No | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known) ☐ NONE ■ UNKNOWN |
|---|---|

THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ☐ YES ■ No | IF YES, IS THAT RELATIONSHIP: ☐ EMPLOYER/EMPLOYEE ☐ FAMILIAL ☐ FRIEND/NEIGHBOR ☐ BUSINESS ☐ OTHER (explain) |
|---|---|

DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?   ☐ YES   ■ No

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐ YES ■ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| WILL AN INTERPRETER BE NEEDED? ☐ YES ■ No | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

ATTORNEY SIGNATURE:

Effective 10/01/2016, CN 10517                                                                                   page 1 of 2

Side 2



# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule 4:5-1*

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**
- 151  NAME CHANGE
- 175  FORFEITURE
- 302  TENANCY
- 399  REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502  BOOK ACCOUNT (debt collection matters only)
- 505  OTHER INSURANCE CLAIM (including declaratory judgment actions)
- 506  PIP COVERAGE
- 510  UM or UIM CLAIM (coverage issues only)
- 511  ACTION ON NEGOTIABLE INSTRUMENT
- 512  LEMON LAW
- 801  SUMMARY ACTION
- 802  OPEN PUBLIC RECORDS ACT (summary action)
- 999  OTHER (briefly describe nature of action)

**Track II - 300 days' discovery**
- 305  CONSTRUCTION
- 509  EMPLOYMENT (other than CEPA or LAD)
- 599  CONTRACT/COMMERCIAL TRANSACTION
- 603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
- 603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
- 605  PERSONAL INJURY
- 610  AUTO NEGLIGENCE – PROPERTY DAMAGE
- 621  UM or UIM CLAIM (includes bodily injury)
- 699  TORT – OTHER

**Track III - 450 days' discovery**
- 005  CIVIL RIGHTS
- 301  CONDEMNATION
- 602  ASSAULT AND BATTERY
- 604  MEDICAL MALPRACTICE
- 606  PRODUCT LIABILITY
- 607  PROFESSIONAL MALPRACTICE
- 608  TOXIC TORT
- 609  DEFAMATION
- 616  WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617  INVERSE CONDEMNATION
- 618  LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**
- 156  ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303  MT. LAUREL
- 508  COMPLEX COMMERCIAL
- 513  COMPLEX CONSTRUCTION
- 514  INSURANCE FRAUD
- 620  FALSE CLAIMS ACT
- 701  ACTIONS IN LIEU OF PREROGATIVE WRITS

**Multicounty Litigation (Track IV)**
- 271  ACCUTANE/ISOTRETINOIN
- 274  RISPERDAL/SEROQUEL/ZYPREXA
- 281  BRISTOL-MYERS SQUIBB ENVIRONMENTAL
- 282  FOSAMAX
- 285  STRYKER TRIDENT HIP IMPLANTS
- 286  LEVAQUIN
- 287  YAZ/YASMIN/OCELLA
- 289  REGLAN
- 290  POMPTON LAKES ENVIRONMENTAL LITIGATION
- 291  PELVIC MESH/GYNECARE
- 292  PELVIC MESH/BARD
- 293  DEPUY ASR HIP IMPLANT LITIGATION
- 295  ALLODERM REGENERATIVE TISSUE MATRIX
- 296  STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS
- 297  MIRENA CONTRACEPTIVE DEVICE
- 299  OLMESARTAN MEDOXOMIL MEDICATIONS/BENICAR
- 300  TALC-BASED BODY POWDERS
- 601  ASBESTOS
- 623  PROPECIA

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1,
in the space under "Case Characteristics.

Please check off each applicable category    ☐ Putative Class Action    ☐ Title 59

Effective 10/01/2016, CN 10517                                                              page 2 of 2

```
MIDDLESEX VICINAGE CIVIL DIVISION
P O BOX 2633
56 PATERSON STREET
NEW BRUNSWICK    NJ 08903-2633
                                        TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (732) 519-3728
COURT HOURS  8:30 AM - 4:30 PM

                        DATE:   MARCH 13, 2017
                        RE:     RAUF BAKALI ABDUR VS JONES GLENN
                        DOCKET: MID L -001486 17

    THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

    DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

    THE PRETRIAL JUDGE ASSIGNED IS:  HON ANDREA CARTER

    IF YOU HAVE ANY QUESTIONS, CONTACT TEAM    003
AT:  (732) 519-3745 EXT 3745.

    IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
    PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                        ATTENTION:
                                   ATT: LAWRENCE M. SIMON
                                   JAVERBAUM WURGAFT HICKS KAHN E
                                   505 MORRIS AVENUE
                                   2ND FLOOR
                                   SPRINGFIELD       NJ 07081

JUMPE
```

## NJ SUPERIOR COURT LAWYER REFERRAL AND LEGAL SERVICE LIST

**ATLANTIC COUNTY:**
Deputy Clerk, Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., 1st Fl.
Atlantic City, NJ 08401
LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk, Superior Court
Civil Division, Room 115
Justice Center, 10 Main St.
Hackensack, NJ 07601
LAWYER REFERRAL
(201)488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk, Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Road
Mt. Holly, NJ 08060
LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

**CAMDEN COUNTY:**
Deputy Clerk, Superior Court
Civil Processing Office
Hall of Justice
1st Fl, Suite 150
101 South 5th Street
Camden, NJ 08103
LAWYER REFERRAL
(856) 482-0618
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk, Superior Court
9 N. Main Street
Cape May Court House, NJ 08210
LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk, Superior Court
Civil Case Management Office
60 West Broad Street
P. O. Box 10
Bridgeton, NJ 08302
LAWYER REFERRAL
(856) 696-5550
LEGAL SERVICES
(856) 691-0494

**ESSEX COUNTY:**
Deputy Clerk, Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102
LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk, Superior Court
Civil Case Management Office,
Attn: Intake, First Fl., Court House
1 North Broad Street
Woodbury, NJ 08096
LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk, Superior Court
Civil Records Dept.
Brennan Court House, 1st Floor
583 Newark Avenue
Jersey City, NJ 07306
LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk, Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822
LAWYER REFERRAL
(908) 236-6109
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk, Superior Court
Local Filing Office, Courthouse
175 S. Broad Street
P. O. Box 8068
Trenton, NJ 08650
LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk, Superior Court
Middlesex Vicinage
Second Floor, Tower
56 Paterson Street
P. O. Box 2633
New Brunswick, NJ 08903-2633
LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk, Superior Court
Court House
P. O. Box 1269
Freehold, NJ 07728-1269
LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Morris County Courthouse
Civil Division
Washington & Court Streets
P. O. Box 910
Morristown, NJ 07963-0910
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk, Superior Court
Court House, Room 121
118 Washington Street
P.O. Box 2191
Toms River, NJ 08754-2191
LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk, Superior Court
Civil Division - Court House
77 Hamilton Street
Paterson, NJ 07505
LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk, Superior Court
Attn: Civil Case Management Office
92 Market Street
Salem, NJ 08079
LAWYER REFERRAL
(856) 935-5629
LEGAL SERVICES
(856) 691-0494

**SOMERSET COUNTY:**
Deputy Clerk, Superior Court
Civil Division Office
40 North Bridge Street
P. O. Box 3000
Somerville, NJ 08876
LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk, Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk, Superior Court
1st Floor, Court House
2 Broad Street
Elizabeth, NJ 07207-6073
LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk, Superior Court
Civil Division, Court House
413 Second Street
Belvidere, NJ 07823-1500
LAWYER REFERRAL
(908) 859-4300
LEGAL SERVICES
(908) 475-2010