IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ABDUR RAUF BAKALI, as administratrix of of the estate of OSMAN M. BAKALI, Plaintiff, vs. GLENN A. JONES, et al., Defendants. | ) ) ) ) ) ) ) ) ) | Civil Action No. 17-1162 |

MEMORANDUM OPINION AND ORDER

Plaintiff, Abdur Rauf Bakali, as administrator of the estate of Osman M. Bakali, deceased,[1] brings this negligence action against Defendants, Glenn Jones and Eagle Express Lines, Inc. ("Eagle Express"), arising out of a July 16, 2016 automobile accident in which Osman Bakali ("Bakali") was killed. The case was originally filed in the Superior Court of New Jersey, then removed to the United States District Court for the District of New Jersey on the basis of diversity of citizenship and finally transferred to this Court because the accident occurred in Washington County, Pennsylvania. The action was filed in this Court on September 5, 2017.

Presently pending before the Court is a motion, filed by Defendants, for leave to file a Third Party Complaint, which is attached to the motion as Exhibit A (ECF No. 37). The proposed Third Party Complaint would name three Third-Party Defendants and assert claims against them for negligence and negligent entrustment. Plaintiff has filed a brief in opposition to the motion. For the reasons that follow, the motion for leave to file a Third Party Complaint will be denied.

---

[1] The Complaint refers to Plaintiff (father of the decedent) as the "Administrator" of the estate and refers to "his" attorneys, but for some reason the caption utilizes the female term "Administratrix."

Facts

According to the police report which is attached to the Notice of Removal, on July 16, 2016, Bakali was driving a car westbound on Interstate 70 with two passengers in the car, Shamaas Nyazee and Daoud Ahmed Kahn. Bakali pulled the car onto the shoulder with the rear left tire still in the travel lane and got out to examine the front of the car because he believed he had hit something. As he returned to re-enter the vehicle, he and the car were struck by a truck owned by Eagle Express and driven by Glenn Jones ("Jones"). Bakali was thrown from the impact and landed face down on the shoulder, and he subsequently died from his injuries. (Notice of Removal Ex. B.)[2]

Procedural History

This action was commenced on or about March 13, 2017 in the Superior Court of New Jersey. Count I alleges a claim of negligence against both Defendants. Count II alleges a claim of vicarious liability against Eagle Express. Count III alleges a claim of negligent hiring against Eagle Express. Count IV indicates that, to the extent any other party is responsible for the transport of goods or employment of the truck driver involved in the accident, Plaintiff will seek to hold such parties liable.

On April 7, 2017, Eagle Express removed the case to the United States District Court for the District of New Jersey on the basis of diversity of citizenship in that: Plaintiff was named administrator of the estate by the probate court of Butler County, Ohio and the decedent was at

---

[2] ECF No. 1.

the time of the accident a citizen of the State of Ohio; Eagle Express is an Illinois corporation with a principal place of business in South Holland, Illinois; Jones is a citizen of the State of New Jersey;[3] and the amount in controversy, based on the death of the decedent, exceeded the sum of $75,000, exclusive of interest and costs. (Notice of Removal ¶¶ 5-8, 13-15.)

On April 7, 2017, Defendants filed a motion (ECF No. 3) to transfer the case to this district on the ground that the accident occurred in Washington County, Pennsylvania,[4] was investigated by Pennsylvania State Troopers and most of the other witnesses (EMTs, towing company, coroner, witnesses to the accident) are all located here. Plaintiff did not file an opposition to the motion. On September 5, 2017, Judge Shipp filed a Memorandum Order granting the motion and transferring the case to this Court (ECF No. 4).

On June 4, 2018, Defendants filed a motion for leave to file a Third Party Complaint (ECF No. 37) and they attached the proposed Third Party Complaint to their motion (ECF No. 37 Ex. A.) The proposed Third Party Complaint indicates that Bakali, Nyazee and Kahn were traveling back from New York, where they had attended a wedding, in a rental car that was rented by Zarqa Nyazee (the mother of Shamaas Nyazee), that the three men were in a "Joint Venture" for this purpose, that they decided to travel back from the wedding without taking adequate time to sleep, and that Zarqa Nyazee was the only individual permitted to drive the

---

[3] The Notice of Removal indicated that, although Jones was a New Jersey resident, service on him had not been perfected and therefore he had not yet been "joined and served" and the case could properly be removed by Eagle Express, although Jones consented to its removal. (ECF No. 1 ¶¶ 8-11.)

[4] The Complaint erroneous stated that the accident occurred in "Fallowfield Township,

rental car. In Count I, Defendants seek to hold Shamaas Nyazee liable for his negligence in the "Joint Venture" and in Count II, they seek to hold Daoud Kahn liable for his negligence. Count III seeks to hold Zarqa Nyazee liable under a theory of "negligent entrustment." On June 18, 2018, Plaintiff filed a brief in opposition (ECF No. 44).

Standard for Third-Party Joinder

Rule 14 of the Federal Rules of Civil Procedure provides that:

> A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving the original answer.

Fed. R. Civ. P. 14(a)(1).

Defendants cite Scobie v. Waco Equipment Co., 2008 WL 1943551, at *1 (W.D. Pa. May 1, 2008), for the following list of factors courts consider when deciding whether to allow a third-party complaint to be filed:

> (1) the timeliness of the motion; (2) whether the filing of the third-party complaint will introduce an unrelated controversy or will unduly complicate the case to the prejudice of the plaintiff; (3) whether the third-party complaint will avoid circuity of action and settle related matters in one law suit; and (4) whether the evidence, witnesses, and legal issues will be substantially the same in the defendant's third-party action and plaintiff's action.

Defendants contend that: 1) their motion is timely because they only recently learned that Zarqa Nyazee was the person who rented the car and was the only authorized driver; 2) no substantial unrelated controversy is introduced by joining these three defendants; 3) the evidence,

---

Washington County, New Jersey." (Compl. ¶ 7.)

witnesses and legal issues will be substantially similar; and 4) the claims are not obviously unmeritorious.

Plaintiff argues that: 1) there was no business purpose for the trip and therefore no "joint venture" was formed; 2) negligent entrustment requires proof of knowledge of incompetency and not being a permitted driver is not incompetency, and breach of duty requires actual causation but here no one (including the decedent) was actually operating the vehicle at the time of the accident; 3) this motion—filed 15 months after the complaint was filed and 8 months after the answer—is untimely, and Defendants do not indicate when they learned of the information that would support the Third Party Complaint; 4) the right to indemnification does not arise until payment is made; and 5) the Third Party Complaint would introduce non-diverse parties and distinct issues about what occurred in the days prior to the accident and thus presents an entirely separate case.[5]

Joint Ventures

The Pennsylvania Supreme Court has noted that:

It is only when the driver is the servant or agent of the passenger at the time of the negligent act and that act is committed within the scope of the servant's or agent's employment, or when the driver and the passenger are business partners and the operation of the vehicle is in furtherance of the partnership business, that the negligence of the driver will from the mere relationship of the parties be imputable to the passenger. In all other cases, the test is ... [whether] the passenger ha[d] a right to share in the control of the vehicle[.] Responsibility is commensurate with authority.... Negligence in the conduct of another will not be imputed to a party if he neither authorized such conduct, nor participated therein, nor had the right or power to control it.

---

[5] The Court need not address all of these arguments.

Rodgers v. Saxton, 158 A. 166, 169 (Pa. 1931). "This court has also noted that, to establish a joint enterprise, it is not sufficient to prove that parties were merely riding together or that one had accepted a ride for pleasure or that there existed some common purpose between the driver and passenger to be served in the use of the vehicle." Welc v. Porter, 675 A.2d 334, 340 (Pa. Super. 1996).

According to the proposed Third Party Complaint (as well as the interviews contained in the police report), the incident occurred while three individuals were riding together in a car returning from a wedding. There is no basis for concluding that they were involved in a business enterprise or that one employed the others. Thus, there was no joint venture. Therefore, both Count I and Count II of the proposed Third Party Complaint state claims that are "obviously unmeritorious." Nova Prods, Inc. v. Kisma Video, Inc., 220 F.R.D. 238, 240 (S.D.N.Y. 2004).

Negligent Entrustment

Pennsylvania has adopted the Restatement (Second) of Torts § 308, which provides that: "[i]t is negligence to permit a third person to use a thing or engage in an activity which is under the control of the actor, if the actor knows or should know that such person intends or is likely to use the thing to conduct himself in the activity in such a manner as to create an unreasonable risk of harm to others." See Ferry v. Fisher, 709 A.2d 399, 403 (Pa. Super. 1998). A party seeking to invoke such a claim must demonstrate that the lender had knowledge of the incompetency of the person to whom the vehicle was entrusted at the time the vehicle was entrusted. Wertz v. Kephart, 542 A.2d 1019, 1023-24 (Pa. Super. 1988). In addition, like any other negligence

claim, Pennsylvania requires allegations and eventually proof of four elements: "(1) a duty or obligation recognized by law; (2) a breach of that duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual damages." Grossman v. Barke, 868 A.2d 561, 566 (Pa. Super. 2005).

Plaintiff argues that there is no alleged basis for Zarqa Nyazee to have been aware that her son or the other two individuals would use the car in a negligent manner at the time she entrusted the car to her son to use it. Moreover, Shamaas Nyazee has stated that the car was given to him several days before the incident, at which time he did not know that Bakali and Kahn, who did not travel to the wedding with him, would request to ride home with him on the morning of July 16, 2016; and that his mother did not learn that the three men had traveled together until after the incident. (Nyazee Aff. ¶¶ 6-8, 10.)[6] Thus, the three men did not drive to the wedding together, Zarqa Nyazee did not allow the car to be driven to and from the wedding within 48 hours such that the individuals would not have adequate time to sleep (her son arrived at the wedding site three days earlier), the three men did not decide to travel back together until after the wedding and Zarqa did not learn of this decision until after the incident occurred. Moreover, as Plaintiff observes, even if Zarqa Nyazee had been aware of the travel plans, the fact that there were three drivers means that they could have taken turns sleeping and driving and thus the entrustment of the vehicle to three individuals for the length and time of travel would not have been unreasonable. Furthermore, the fact that the three individuals were not named as

---

[6] ECF No. 44 Ex. 8.

permitted drivers under the rental agreement does not indicate that they were incompetent as drivers.

Finally, as Plaintiff notes, even assuming that some duty was breached in this case, no one (including Bakali) was actually operating the vehicle at the time of the accident. Therefore, there is no allegation that would support a causal connection between Zarqa Nyazee's alleged negligent entrustment of the vehicle and the injury that occurred when Bakali was struck and killed. Therefore, Count III of the proposed Third Party Complaint states a claim that is "obviously unmeritorious."

AND NOW, this 20th day of June, 2018,

IT IS HEREBY ORDERED that Defendants' Motion for Leave to File Third Party Complaint Pursuant to F.R.C.P. 14 (ECF No. 37) is denied.

s/Robert C. Mitchell_____
ROBERT C. MITCHELL
United States Magistrate Judge