IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ABDUR RAUF BAKALI, as administratrix of of the estate of OSMAN M. BAKALI, Plaintiff, vs. GLENN A. JONES, et al., Defendants. | Civil Action No. 17-1162 |

MEMORANDUM OPINION AND ORDER

Presently before the Court is Defendants' motion for reconsideration (ECF No. 46) of this Court's June 22, 2018 Memorandum Opinion and Order (ECF No. 45) which denied Defendants' motion for leave to file a Third-Party Complaint (ECF No. 37). The motion has been fully briefed. For the reasons that follow, the motion will be denied.[1]

Plaintiff, Abdur Rauf Bakali, as administrator of the estate of Osman M. Bakali, deceased, brings this negligence action against Defendants, Glenn Jones and Eagle Express Lines, Inc. ("Eagle Express"), arising out of a July 16, 2016 automobile accident in which Osman Bakali ("Bakali") was killed when he stepped out of his vehicle and was struck by a truck owned by Eagle Express and driven by Jones. In their motion, Defendants proposed to name three Third-Party Defendants: Shamaas Nyazee and Daoud Ahmed Kahn, the other two passengers who were in the car with Bakali; and Zarqa Nyazee, the mother of one of these passengers, who had rented the vehicle in which they were driving. The Third Party Complaint proposed to assert claims against these individuals for negligence and negligent entrustment. On June 22, 2018, a Memorandum Opinion and Order was entered which denied the motion.

---

[1] Defendants also request oral argument, but the Court concludes that it is not necessary.

Standard of Review

The Court of Appeals has stated that:

> "The purpose of a motion for reconsideration," we have held, "is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. See North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995).

Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). "It is improper on a motion for reconsideration to ask the Court to rethink what [it] had already thought through rightly or wrongly." Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (internal citation and quotes omitted). In this case, Defendants cite no intervening change in the law or availability of new evidence, so the motion raises only a claim that the Court committed a "clear error of law or fact."

Plaintiff made numerous arguments in opposition to Defendants' motion for leave to file a Third Party Complaint. However, the Court addressed only two of them: 1) there was no business purpose for the trip and therefore no "joint venture" was formed for purposes of the negligence claim against Shamaas Nyazee and Daoud Ahmed Kahn; and 2) the negligent entrustment claim would require that Zarqa Nyazee had knowledge of incompetency at the time of entrustment but even if she was aware that three individuals would be sleep deprived at the time she allowed her son to drive the car that does not create a situation of knowledge of

incompetency, nor does the fact that the three individuals were not permitted drivers under the rental agreement, and breach of duty requires actual causation but here no one (including the decedent) was actually operating the vehicle at the time of the accident.

In the motion for reconsideration, Defendants argue that: 1) to establish a joint undertaking, "something more" must be shown than that the parties were riding together, and here they have alleged that two men accepted a ride from a third and "there may well have been some exchange of consideration in this venture, some benefit in terms of cost savings, etc., that established a joint venture under Pennsylvania law"; and 2) the Court erred in considering statements made in an affidavit and, without those statements, a negligent entrustment claim has been stated based on: a) Bakali's "use" of the vehicle, which could include his act of unsafely stopping it partially in the lane of travel of an extremely busy interstate, and b) Zarqa Nyazee's act of allowing a person under the age of 25 to drive a car, which would have been impermissible under the rental agreement.[2]

Plaintiff responds that: 1) Defendants cite no authority that would support finding a joint venture under the circumstances described in this case; and 2) the Court did not rely solely on the affidavit of Shamaas Nyazee, but rather identified three additional bases for finding that Defendants could not state a claim for negligent entrustment: the facts as pleaded provide no basis for concluding that Zarqa Nyazee had knowledge of the three men's incompetency, the fact

---

[2] Defendants also reiterate arguments about timeliness and other factors, but since the Court did not address these arguments in the Memorandum Order denying the motion for leave to file a Third Party Complaint, it is not proper to address them on a motion for reconsideration.

3

that they may not have been listed as authorized drivers under the rental agreement does not mean that they were incompetent drivers, and there was no causation between the alleged negligent entrustment and the Bakali's death.

Joint Ventures

The Pennsylvania Supreme Court has noted that:

It is only when the driver is the servant or agent of the passenger at the time of the negligent act and that act is committed within the scope of the servant's or agent's employment, or when the driver and the passenger are business partners and the operation of the vehicle is in furtherance of the partnership business, that the negligence of the driver will from the mere relationship of the parties be imputable to the passenger. In all other cases, the test is ... [whether] the passenger ha[d] a right to share in the control of the vehicle[.] Responsibility is commensurate with authority.... Negligence in the conduct of another will not be imputed to a party if he neither authorized such conduct, nor participated therein, nor had the right or power to control it.

Rodgers v. Saxton, 158 A. 166, 169 (Pa. 1931). "This court has also noted that, to establish a joint enterprise, it is not sufficient to prove that parties were merely riding together or that one had accepted a ride for pleasure or that there existed some common purpose between the driver and passenger to be served in the use of the vehicle." Welc v. Porter, 675 A.2d 334, 340 (Pa. Super. 1996).

According to the proposed Third Party Complaint (as well as the interviews contained in the police report attached to the Notice of Removal), the incident occurred while three individuals were riding together in a car returning from a wedding. There is no basis for concluding that they were involved in a business enterprise or that one employed the others. Thus, there was no joint venture. Defendants' attempt to create a joint venture by alleging that

4

the three men were "engaged in a common enterprise" fails as it is contrary to the facts pleaded. In addition, Defendants cite no authority to support the argument that the scenario described in this case could constitute a joint venture. Therefore, they have not pointed to a "clear error of law or fact" in this Court's Memorandum and Order denying their motion for leave to file a Third Party Complaint.

### Negligent Entrustment

Pennsylvania has adopted the Restatement (Second) of Torts § 308, which provides that: "[i]t is negligence to permit a third person to use a thing or engage in an activity which is under the control of the actor, if the actor knows or should know that such person intends or is likely to use the thing to conduct himself in the activity in such a manner as to create an unreasonable risk of harm to others." See Ferry v. Fisher, 709 A.2d 399, 403 (Pa. Super. 1998). A party seeking to invoke such a claim must demonstrate that the lender had knowledge of the incompetency of the person to whom the vehicle was entrusted at the time the vehicle was entrusted. Wertz v. Kephart, 542 A.2d 1019, 1023-24 (Pa. Super. 1988). In Wertz, the court stated that, if the plaintiff proved that the defendant was intoxicated when he received the keys and that this was known, then a claim for negligent entrustment could be maintained.

There is no alleged basis for Zarqa Nyazee to have been aware that her son or the other two individuals would "use" the car (assuming that "use" includes pulling it off to the side of the road with a portion of it in the lane of travel on an extremely busy interstate) "in such a manner as to create an unreasonable risk of harm to others" at the time she entrusted the car to her son to

use it.  The allegations of the Third Party Complaint are that Zarqa Nyazee entrusted the car to her son on July 14, 2016 so that he and two other individuals would travel from St. Louis and/or Indianapolis to pick up Bakali in Cincinnati and travel to Long Island, New York to attend a wedding on July 15, 2016 and thereafter travel back to Cincinnati to drop off Bakali and then complete the journey by returning to Indianapolis and/or St. Louis on July 16, 2016.  These allegations do not support a claim that she had knowledge of their "incompetency" to drive the car at the time she entrusted the car to her son.

First, even if she had been aware of their travel plans and had reason to believe that they would be driving after having received little sleep, the fact that there were three drivers means that they could have taken turns sleeping and driving and thus the entrustment of the vehicle to three individuals for the length and time of travel would not have been unreasonable.  Defendants have cited no authority which would support a claim of negligent entrustment under such circumstances.  Furthermore, the fact that the three individuals were not named as permitted drivers under the rental agreement does not indicate that they were "incompetent" as drivers, nor does the fact that the men were under the age of 25 and would not have been authorized drivers under the rental agreement.  Defendants cite no authority to support the argument that the word "incompetent" can be applied in this fashion.  The issue in this case is not whether Zarqa Nyazee violated the provisions of the rental agreement or whether Bakali, Shamaas Nyazee and Daoud Ahmed Kahn would have been authorized drivers under the rental agreement, but whether Jones was negligent when his truck struck Bakali on the highway.  Therefore, Defendants they have not

pointed to a "clear error of law or fact" in this Court's Memorandum and Order and their motion for reconsideration will be denied.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ABDUR RAUF BAKALI, as administratrix of of the estate of OSMAN M. BAKALI, Plaintiff, | ) ) ) ) | |
| vs. | ) ) | Civil Action No. 17-1162 |
| GLENN A. JONES, et al., Defendants. | ) ) ) | |

ORDER

AND NOW, this 11th day of July, 2018,

IT IS HEREBY ORDERED that Defendants' Motion for Reconsideration of the Court's Order Denying Defendants' Motion for Leave to File Third Party Complaint, and Request for Oral Argument (ECF No. 46) is denied.

                                                                        s/Robert C. Mitchell_____
                                                                        ROBERT C. MITCHELL
                                                                        United States Magistrate Judge